**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**BARRY J. McGONIGAL**                         **CIVIL ACTION**

**VERSUS**

**ENCOMPASS INDEMNITY COMPANY**          **NO. 09-828-C-M2**

## RULING & ORDER

This matter is before the Court on the Motion to Compel Responses to Request for Admissions and Request for Production of Documents (R. Doc. 8) filed by defendant, Encompass Indemnity Company ("Encompass"). Plaintiff, Barry J. McGonigal ("plaintiff"), has not filed an opposition to this motion.

## FACTS & PROCEDURAL BACKGROUND

Encompass forwarded to McGonigal its Third Set of Requests for Production of Documents as well as Requests for Admission on July 26, 2010. On October 20, 2010, defense counsel called plaintiff's counsel to conduct a discovery conference regarding the outstanding discovery requests but was unsuccessful in reaching plaintiff's counsel. Defense counsel also inquired about the status of receiving the subject discovery responses by letter dated October 20, 2010. As of the date that Encompass filed this motion, November 11, 2010, it still had not received responses to its discovery requests. Through its motion, it seeks an Order from this Court compelling plaintiff to respond to its discovery requests within fifteen (15) days.

## LAW & ANALYSIS

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty-one (21) days after service of the motion. The

rule specifically provides:

> LR7.5M    Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 21 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion was filed on November 11, 2010, and the Court's electronic filing system indicates that notice of the filing of the motion was sent to plaintiff's counsel on that same date at 11:13 a.m. CST. Thus, more than twenty-one (21) days have elapsed since the service of the motion, and plaintiff has failed to file any opposition. The motion is therefore deemed unopposed.

In addition to being unopposed, because plaintiff has failed to submit any responses or objections to Encompass' discovery requests, the Court finds that this motion has merit. Pursuant to Fed. R. Civ. P. 34, a party upon whom requests for production of documents have been served shall serve a copy of the answers, and objections if any, to such discovery requests within thirty (30) days after the service of the requests. Fed. R. Civ. P. 34. A shorter or longer time may be directed by court order or agreed to in writing by the parties. *Id.* Additionally, pursuant to Fed. R. Civ. P. 36(a), a party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to facts, the application of law to fact, or opinions about either; and relating to the genuineness of any described documents. Such

matters are admitted unless, within thirty (30) days after being served, the party upon whom the request is directed serves on the requesting party a written answer or objection asserted to the matter and signed by the party or its attorney. Fed. R. Civ. P. 36(a). A shorter or longer time for responding may be stipulated to under Rule 29 or may be ordered by the court. *Id.*

Because plaintiff neither submitted written responses or objections to Encompass' discovery requests within thirty (30) days after they were served nor obtained a court order or a written agreement from Encompass extending the time period within which to respond, Encompass' motion to compel will be granted, and plaintiff will be ordered to submit complete responses to Encompass' third set of requests for production within fifteen (15) days of this Order. Because Encompass' requests for admission were admitted by operation of law after thirty (30) days from service elapsed, those requests require no response from plaintiff at this time and are deemed admitted.[1]

Accordingly;

**IT IS ORDERED** that the Motion to Compel Responses to Request for Admissions and Request for Production of Documents (R. Doc. 8) filed by defendant, Encompass Indemnity Company, is hereby **GRANTED** and that plaintiff, Barry J. McGonigal, shall produce complete responses to Encompass' Third Set of Request for Production of Documents within fifteen (15) days of this Order.

---

[1] *See, Hill v. Breazeale*, 2006 WL 2528346, **4 (5th Cir. 2006)("Because [plaintiff] failed to timely respond to defendants' requests for admissions, the district court correctly concluded that those matters were deemed admitted"); *Butler v. Cloud*, 2004 WL 1491611 (5th Cir. 2004)(District court was not required to first order plaintiff to comply with defendant's request for admissions before deeming statements admitted); *Barnes v. Barrett Refining, Inc.*, 20 F.3d 466, n. 2 (5th Cir. 1994).

**IT IS FURTHER ORDERED** that plaintiff is not required to respond to Encompass' Request for Admissions since such requests were admitted by operation of law after thirty (30) days from service elapsed.

Signed in chambers in Baton Rouge, Louisiana, December 6, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**